**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 10-6137

_____

WARREN CHASE,

                    Petitioner - Appellant,

          v.

COMMISSIONER OF MARYLAND DEPARTMENT OF CORRECTIONS; ATTORNEY
GENERAL OF MARYLAND,

                    Respondents - Appellees.

_____

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   Catherine C. Blake, District Judge.
(1:09-cv-03009-CCB)

_____

Submitted:  April 29, 2010            Decided:  May 21, 2010

_____

Before MOTZ and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

_____

Affirmed in part; dismissed in part by unpublished per curiam
opinion.

_____

Warren Chase, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Warren Chase filed a hybrid complaint in the district court seeking relief under 28 U.S.C. § 2254 (2006) and seeking an order transferring him to a different institution. That part of the order dismissing his § 2254 petition as successive and without authorization from this court is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2006); Reid v. Angelone, 369 F.3d 363, 369 (4th Cir. 2004). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). We have independently reviewed the record and conclude Chase has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss in part the appeal.

Additionally, we construe Chase's notice of appeal and informal brief as an application to file a second or successive petition under 28 U.S.C. § 2254. United States v. Winestock,

340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to file a successive § 2254 petition, a prisoner must assert claims based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence, not previously discoverable by due diligence, that would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the petitioner guilty of the offense. 28 U.S.C. § 2244(b)(2) (2006). Chase's claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2254 petition.

Insofar as Chase sought an order compelling the Respondents to transfer him to another institution, we note "an inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State[."] Olim v. Wakinekona, 461 U.S. 238, 245 (1983). We further note Chase failed to state a claim under the Americans With Disabilities Act of 1990. See Pennsylvania Dep't of Corrections v. Yeskey, 524 U.S. 206, 212-13 (1998). Accordingly, Chase's claim in this regard was without merit and we affirm in part the district court's order.

We deny a certificate of appealability and dismiss in part and affirm in part the district court's order. We dispense

3

with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>